PER CURIAM:
Claimant Susan Mann contacted respondent agency in January, 1985, to obtain information about a program of respondent regarding delinquent child support payments. Claimant's divorce was finalized in February, 1983, in Taylor County Circuit Court. By the terms of the divorce, claimant's former husband was required to pay claimant $50.00 a month in child support. Since the divorce, he has paid claimant $330.00.
An employee of respondent, now retired, Mrs. Campolio, suggested to claimant in January, 1985 that claimant attach her former husband's federal income tax refund. At the direction of Mrs. Campolio, claimant supplied respondent agency with names and addresses of her husband's possible places of employment. She remained in contact with Mrs. Campolio as late as October 4, 1985. On that date, Mrs. Campolio *97 advised claimant that she lacked the forms necessary to complete the federal income tax wage withholding. In the beginning of November, 1985, when claimant again contacted the respondent agency's office, she was advised by another employee that the deadline for filing the necessary form had passed. As a result of the misinformation supplied claimant by respondent's employee, claimant seeks $865.00 which is the amount’her husband was required to pay in child support as of December 31, 1985.
Claimant testified that she was unable to provide respondent agency with any statement of fact supporting her former husband's entitlement to an income tax refund for the year 1985. She further testified that she was unaware whether or not her husband received an income tax refund in 1985 or 'whether he had to pay income tax for that year.
Mrs. Campolio testified that the statements of claimant were correct. She further testified that she could never locate a place of employment for claimant's former husband. She confirmed that if the respondent agency was unable to locate an individual, the agency could not provide the service in question. When queried by the Court, she stated that she never had sufficient information to file the necessary forms in the case of claimant. The possible places of employment which claimant supplied were insufficient.
On the basis of this record, the Court finds that to permit recovery in this instance would require speculation on its part. The record lacks a showing that, had the necessary forms been filed before the appropriate deadline, claimant would have received funds. The Court must, therefore, deny the claim.
Claim disallowed.